COGBURN LAW OFFICES
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburnlaw.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
efox@cogburnlaw.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM MCKEOWN,<br><br>                     Plaintiff,<br><br>     vs.<br><br>AARGON AGENCY, INC. d/b/a AARGON COLLECTION AGENCY, a Nevada Corporation;<br><br>                     Defendant. | **COMPLAINT** |

   Plaintiff, William McKeown (hereinafter "Plaintiff"), by and through his counsel of record, Cogburn Law Offices, hereby complains against Defendants as follows:

**I.      PRELIMINARY STATEMENT**

   1.   This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

…

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

3. Plaintiff is a natural person residing in Clark County, Nevada.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Aargon Agency, Inc. d/b/a Aargon Collection Agency, (hereinafter "Aargon") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Upon information and belief, Aargon is Corporation licensed in the State of Nevada and doing business in Nevada as a licensed debt collector with the Nevada Financial Institutions Division (License #: CAD11347).

7. Aargon is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV. GENERAL ALLEGATIONS

8. Aargon asserted to Plaintiff personally as well as via his credit report that he owed an alleged medial debt from Desert Springs Hospital (hereinafter the "Aargon Account").

9. Aargon engaged in the collection of the debt on the alleged balance of the Aargon Account.

10. Upon learning of the issue, Plaintiff contacted Aargon and stated he did not believe the debt was owed and asked for the debt to be validated.

11. Aargon did not follow through on the validation request and Plaintiff received no response.

…

12. Additionally, Plaintiff never received a Dunning Letter advising him of the collection efforts and allowing him the mandated period to request validation of the debt.

13. Aargon has and continues to collect a debt without providing a response to the validation request.

## V. CLAIMS FOR RELIEF

**CLAIM FOR RELIEF AGAINST AARGON**
**(Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692)**

14. The Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

15. Defendants were negligent and/or willful, rendering them liable for attempting to collect an improper balance due, fees, interests and/or expenses not authorized or permitted by law, and in violation of 1692f(1).

16. Aargon's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the prior to initiating a lawsuit, in violation of 1692g(b).

17. As a result of the foregoing violations, Aargon is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(1).

18. As a result of the foregoing violations, Aargon is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(2)(a).

19. As a result of the foregoing violations, Aargon is liable for costs and reasonable attorney fees pursuant to 1692k(a)(3).

…

20. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorneys' fees and costs thereunder.

21. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the FDCPA. A judicial declaration that Aargon's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

### CLAIM FOR RELIEF AGAINST AARGON
**(Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692)**

22. The Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

23. Defendants were negligent and/or willful, rendering them liable for attempting to collect an improper balance due, fees, interests and/or expenses not authorized or permitted by law, and in violation of 1692f(1).

24. Aargon's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the prior to initiating a lawsuit, in violation of 1692g(b).

25. As a result of the foregoing violations, Aargon is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(1).

26. As a result of the foregoing violations, Aargon is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(2)(a).

…

27. As a result of the foregoing violations, Aargon is liable for costs and reasonable attorney fees pursuant to 1692k(a)(3).

28. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorneys' fees and costs thereunder.

29. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the FDCPA. A judicial declaration that the Aargon Defendants actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Declaratory judgment that Defendants' conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney's fees; and
6. For such other and further relief as may be just and proper.

…

…

…

…

…

…

## VII. **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 6th day of September, 2018.

COGBURN LAW OFFICES


By:    */s/ Erik W. Fox*
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*
